UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY COY HENDERSON,

    Plaintiff,

  v.

COWLITZ COUNTY, *et al.*,

    Defendants.

Case No. C06-5510 FDB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF SPECIAL PERSON TO TAKE DEPOSITION

This 42 U.S.C. § 1983 Civil Rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b) and Local MJR 3 and 4. Plaintiff has filed a Motion for Special Appointment of Person to Take Deposition. (Dkt. # 38). Defendants have not filed a response to Plaintiff's motion. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the Court as an admission that the motion has merit. Having reviewed the motion and the balance of the record, however, the Court finds that Plaintiff should first proceed with service of his proposed depositions upon written questions and that the parties should make a good faith effort to agree as to the designated person to take the depositions upon written questions.

ORDER  1

**DISCUSSION**

Plaintiff proposes to take the depositions of Defendants Zreliak, Baur and Stonier by depositions upon written questions. (Dkt. # 37, 38). Fed. R. Civ. P. 31 provides that a party desiring to take a deposition upon written questions shall serve them upon every other party with a notice describing the person to be deposed and all questions, including cross redirect and re-cross. *See* Rule 31 and Advisory Committee Notes. Service is required so that all parties may be informed and able to fully participate in the proceedings. The parties need to follow Rule 31(a)(3) and (4). Once all questions for the deponent have been set forth, they are all to be provided to the person conducting the deposition (along with a copy of the notice of deposition), who records the answers.

The Court strongly urges the parties to confer and come to an agreement as to who shall serve as the "officer designated in the notice" who shall take the testimony of the witness in response to the questions and to prepare, certify and file or mail the deposition in the manner provided by Rule 30( c), (e) and (f).[1] If the parties are unable to agree in this regard, Plaintiff is invited to renew his motion. However, the parties are reminded that they must confer on all discovery issues prior to seeking relief from the Court, and that any discovery motion must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party. Fed. R. Civ. P. Rule 37(a)(2)(A).

The Clerk of the Court will issue three subpoenas and send them to Plaintiff for completion and service. Once all the written questions have been exchanged pursuant to Fed. R. Civ P. 31(a)(4) as discussed above, Plaintiff must complete them with the names and addresses of the witnesses to be deposed and proceed as directed in Fed. R. Civ. P. 31(b). Plaintiff is advised that he must bear his own discovery costs, including service of subpoenas on third parties. The Clerk of the Court shall issue the subpoena, but it is up to the party to complete it before service. Fed. R. Civ. P. 45(a)(3).

Accordingly,

---

[1] The Court anticipates that defense counsel shall be designated as the party to retain the originals of the answers to the written questions (with copies provided to Plaintiff) given the possibility that Plaintiff's legal materials may be moved.

ORDER  2

(1) Plaintiff's Motion for Appointment of Special Person to Take Depositions (Dkt. # 38) is **DENIED**:

(2) The Clerk is directed to issue three subpoenas and return them to Plaintiff for completion and service;

(3) The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this   19th   day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER  3