UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDY COY HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COWLITZ COUNTY, *et al.*,<br><br>　　　　Defendants. | Case No. 06-5510 FDB/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |

　　Before the Court is Plaintiff's motion to compel (Dkt # 48) and Defendants' motion to stay discovery pending ruling on qualified and absolute immunity (Dkt. # 46).[1] Having carefully reviewed the parties' motions, affidavits and the balance of the record, the Court finds that Plaintiff's motion to compel should be denied and this matter should be stayed pending resolution of the issues of immunity.

---

[1] Defendants' motion for summary judgment on the issues of immunity (Dkt. # 40) will be addressed in a separate report and recommendation.

ORDER - 1

**DISCUSSION**

Plaintiff claims that Defendants violated his civil rights by withholding certain pre-trial hearing transcripts in violation of a court order. (Dkt. # 6). Defendants respond, *inter alia*, that Plaintiff cannot maintain this action because he failed to bring it within the time limited by statute, that he cannot maintain this action for damages until he proves his conviction has been reversed, and that Defendants enjoy absolute and/or qualified immunity.

**A.  Plaintiff's Motion to Compel**

Plaintiff seeks the production of (1) documents and transcripts (Plaintiff's Requests for Production Nos. 2, 3, 4 and 5), which Plaintiff states are relevant to his claims of malicious prosecution; (2) transcripts for hearings on December 19, 1995, August 2, 1996, September 13, 1996, September 19, 1996, and July 21, 1998; (3) a complete statement of Josephine Nicole Pickell, (4) additional witness statements and reports, (4) the entire case file, and (5) personal files of Defendants Baur and Stonier.  Plaintiff also doubts the truthfulness of Defendants' response to Request No. 10, in which he requested that they identify any past complaints filed against them for denial of access to public records and any grievances filed with the Washington State Bar Association.

In response, Defendants have provided the Court with a list of the documents produced to Plaintiff to date (Dkt. # 47, Exh. 4), and copies of the parties' correspondence concerning Plaintiff's discovery requests. (*Id*. and Exhs. 1-3; Dkt. # 59, Exhs. 1-6).

A party may obtain discovery of relevant information. Fed. R. Civ. P. 26(b)(1).  Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).   However, the Court may deny discovery of relevant information if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). In determining the likely benefit the Court may consider "the needs of the case,

ORDER - 2

1  the amount in controversy, the parties' resources, the importance of the issues at stake in the

2  litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

3          Having carefully reviewed Defendants' production and the parties' correspondence, the

4  Court concludes that Defendants have produced the documents requested by Plaintiff (*See, e.g.*, Dkt.

5  # 47, Exh. 4, p. 1 - transcribed interview of Josephine Pickell and written reports of law

6  enforcement), are having documents copied for production (*See, e.g., Id.* at p. 2 - video recordings

7  of pre-trial hearings), or are in the process of verifying if documents exist (*See, e.g., Id.* - electronic

8  records for hearings held on December 19, 1995 and July 21, 1998).

9          In addition, it appears that with regard to Plaintiff's request for documents of the verbatim

10  report of proceedings and personnel files, counsel continues to confer on the matter and has

11  requested further input from Plaintiff. (*See, e.g.*, Dt. # 47).

12          Defendants also represent to this Court that they have provided Plaintiff with all documents

13  responsive to his requests. (Dkt. # 58). Although Plaintiff appears to doubt Defendants' veracity, if

14  it were later discovered that any information was withheld, Defendants may be subject to any

15  sanction that the Court may deem appropriate. For these reasons and also in light of the Court's

16  determination that a motion to stay further discovery pending a ruling on the issues of immunity is

17  appropriate, Plaintiff's motion to compel shall be denied.[2]

18

19  **B.     Defendants' Motion to Stay Pending Ruling on Qualified/Absolute Immunity (Dkt.#46)**

20          The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863

21  F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery.

22  Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive

23  ―――――――――

24      [2]After reviewing the parties' correspondence regarding Plaintiff's request for a list of eligible
persons to take depositions of written questions, the Court concludes that there is no evidence of bad
25  faith by defense counsel in providing Plaintiff with a court reporting service.

26  ORDER - 3

motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926.

The holding in the unpublished opinion of *Wrinkle v. Wright*, 194 F.3d 1319 (9th Cir. 1999), upon which the Plaintiff relies, is based on the purposes of the *Harlow* qualified immunity standard, which was explained more fully by the Supreme Court in *Anderson*. *See* 483 U.S. at 646. As the Court explained, the standard is meant to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government." 457 U.S., at 817. For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id.*

Therefore, the Court agrees that the appropriate course here is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required.

**CONCLUSION**

Accordingly, Plaintiff's motion to compel (Dkt. # 48) is **DENIED**; Defendants' motion to stay (Dkt. # 46) is **GRANTED**, and all discovery in this matter shall be **STAYED** pending this Court's review of Defendants' motion for summary judgment on the issue of qualified immunity and

ORDER - 4

1  until further order of this Court.

3       DATED this __28th__ date of June, 2007.

                                             /s/ Karen L. Strombom
                                             Karen L. Strombom
                                             United States Magistrate Judge

26  ORDER - 5