UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDY COY HENDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CANDY ZRELIAK, *et al.*,<br><br>  Defendants. | Case No. C06-5510 FDB/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**AUGUST 31, 2007** |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff is a Washington State prison inmate currently incarcerated at the Washington State Penitentiary. Plaintiff claims that Defendants violated his civil rights by withholding certain pre-trial hearing transcripts in violation of a court order. (Dkt. # 6). Before the Court is Defendants' motion for summary judgment. (Dkt. # 40). Having carefully reviewed the motion, Plaintiff's response (Dkt. # 51), Defendants' reply (Dkt. # 57), and Plaintiff's surreply (Dkt. # 60), the undersigned recommends that Defendants' motion should be granted on the grounds that Plaintiff's claims are time barred and that the claims against Defendants be dismissed with prejudice.


REPORT AND RECOMMENDATION- 1

## I. STATEMENT OF FACTS

The following facts are not in dispute. Eleven years ago, on March 22, 1996, Plaintiff was convicted of Aggravated Murder in the First Degree and for violation of the Washington State Uniform Controlled Substance Act (possession of methamphetamine) as memorialized by a judgment and sentence. The trial court sentenced Plaintiff to life without possibility of parole for the aggravated murder conviction. (Dkt. # 52, Exh. 1).

Defendant Zreliak completed and field with the Cowlitz County Superior Court the verbatim transcripts of the jury trial held on March 18 -22, 1996. (Dkt. # 45, ¶¶ 5, 7, 8).

On September 10, 1997, Plaintiff filed with the trial court a motion for verbatim reports, specifically requesting the verbatim report of proceedings of a hearing involving Jodi Pickell. (Dkt. # 6, Exh. 1). In response to the motion, a hearing was held before Judge James Warme on September 23, 1997. (Dkt. # 44, ¶ 5). The court authorized the transcription of the jury voir dire and any other portions of the record that Plaintiff's appointed counsel, Wayne Torneby, specifically identified in an order. (*Id*.). The court ordered Mr. Torneby to prepare an order. (*Id*.).

On direct appeal from Plaintiff's conviction, the court of appeals had difficulty determining which items related to Plaintiff's appeal had been sent to Plaintiff. On March 5, 1998, the court of appeals ordered Plaintiff's attorney of record and the prosecutor to explain via letter, the status of the clerk's papers and the status of the verbatim report of proceedings. (Dkt. # 6, Exh. 3). Mr. Torneby responded by letter indicating that he had forwarded to Plaintiff the following relevant documents: (1) transcript of hearing held on December 19, 1995; (2) transcript of hearing held on January 11, 1996; (3) transcript of hearing held on January 12, 1996; (4) transcript of hearing held on February 20, 1996; (5) transcripts of the jury trial held on March 18-22, 1996; and (6) Appellant's Opening Brief. (Dkt. # 41, ¶ 5, Exh. 3).

The court of appeals was unclear whether Judge Warme, on September 23, 1997, ordered that additional materials be prepared for the record and whether any of the items requested in Plaintiff's motion had been forwarded to Plaintiff. The court of appeals directed both sides to view the September 23, 1997 videotaped hearing to determine what Judge Warme had ordered, and to

REPORT AND RECOMMENDATION- 2

1  insure that Plaintiff received what was ordered. (Dkt. # 6, Exh. 4).

2  After reviewing the videotape of the September 23, 1997 hearing, Defendant Baur informed
3  the court of appeals that the onus was on Mr. Torneby to specifically request those portions of the
4  record Plaintiff needed. (Dkt. # 44). Defendant Baur also informed Mr. Torneby that he needed to
5  make a specific request for specific hearings, not a generic request for all other documents. (*Id.*).

6  On April 3, 1998, without a hearing, Judge Warme entered an Order Pertaining to Record on
7  Appeal, directing that portions of the record in the case be transcribed in order to assist Petitioner in
8  his appeal, including the transcription of all pre-trial hearings. (Dkt. # 44, ¶ 7; Dkt. # 6, Exh. 5).

9  On May 14, 1998, Mr. Torneby filed a Supplemental Statement of Arrangements, in which he
10  indicates that he contacted Candy Zreliak and ordered transcription of the voir dire, the opening
11  statements, any comments by the court prior to opening statements, all pre-trial hearings, and closing
12  arguments. (Dkt. # 6, Exh. 7). Ms. Zreliak could not comply with the request for "all pre-trial
13  hearings" because she never performed transcription of video taped hearings, did not own or have
14  access to the equipment necessary to perform that type of transcription, her job duties did not include
15  transcription of video taped hearings, and she never received any videotapes for transcription. (Dkt.
16  # 45, ¶ 9; see also Dkt. # 43, ¶ 5). Mr. Torneby did not contact Kim Smith, assistant court
17  administrator, to request transcription of specific video taped pre-trial hearings. (Dkt. # 43, ¶ 4).
18  Notwithstanding Mr. Torneby's failures, Defendant Zreliak complied with all the items she had
19  power to comply with, namely those items that she transcribed during the jury trial – verbatim
20  transcripts of the jury trial on December 2, 1996, voir dire and the opening statements on August 19,
21  1998, and closing arguments on January 4, 1999. ((Dkt. # 45, ¶¶ 5, 7, 8).

22  A hearing was held on August 10, 1998. The court ordered Mr. Torneby "to go through the
23  clerk's minutes . . . and provide a statement of arrangements for other court reported hearings and all
24  videotaped proceedings." (Dkt. # 41, ¶ 6).

25  On December 7, 1998, Plaintiff filed his first personal restraint petition with the court of
26  appeals. (Dkt. # 6, Exh. 13).

27

28  REPORT AND RECOMMENDATION- 3

On January 19, 1999, the court of appeals consolidated Plaintiff's personal restraint petition with Plaintiff's previously filed direct appeal. (Dkt. #6, Exh. 15). Defendant Baur submitted her response to the personal restraint petition in February 1999. (Dkt. # 6, Exh. 18).

In the State's Response, Defendant Baur outlined information about the status of the record on appeal that she had obtained from Kim Smith, assistant court administrator. (Dkt. # 44, ¶¶ 8, 9). Ms. Smith indicated which videotaped pre-trial hearings had been ordered for transcription. (Dkt. # 43 at ¶ 4; Dkt. # 44, ¶¶ 8, 9). In particular, Defendant Baur clarified that Mr. Torneby had not properly requested the videotaped hearings from the assistant court administrator by writing that "I have checked with the person responsible for getting videotapes transcribed and she tells me that this hearing was never ordered by anyone to be transcribed." (Dkt. # 6, Exh. 18; Dkt. # 44, ¶¶ 8, 9; *see also* Dkt. # 43, ¶ 4).

On August 11, 2000, the court of appeals affirmed the judgment and sentence and denied Plaintiff's first personal restraint petition. (Dkt. # 41, ¶ 7). The Washington State Supreme Court denied review, and the court of appeals issued its mandate certifying that the decision it filed on August 11, 2000, became its decision terminating review on January 9, 2001. (Dkt. # 41, ¶¶ 9, 10).

Plaintiff filed a second personal restraint petition, which the court of appeals denied on March 30, 2001. (Dkt. # 41, ¶ 8).

In July 2001, Plaintiff filed a third personal restraint petition with the court of appeals. (Dkt. # 41, ¶ 9). The court of appeals dismissed the petition as successive. Plaintiff filed a motion for reconsideration, which the court of appeals forwarded to the supreme court for treatment as a motion for discretionary review. (*Id.*). The supreme court denied Plaintiff's motion for discretionary review on June 24, 2003. (*Id.*). On June 24, 2003, the court of appeals issued a Certificate of Finality. (Dkt. # 41, ¶ 10).

Plaintiff filed a federal petition for writ of habeas corpus with the United States District Court for Washington at Tacoma on June 5, 2004. (C04-5344RJB). The court denied the petition on March 7, 2005 on the grounds that the petition was untimely pursuant to 28 U.S.C. sec. 2244(d). (C04-5344RJB, Dkt. # 94, 95).

REPORT AND RECOMMENDATION- 4

On September 7, 2006, Plaintiff filed his complaint in this case. (Dkt. # 6).

## II. DISCUSSION

**A.    Standard of Review**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Service Inc.*, 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

**B.    Request for Discovery**

REPORT AND RECOMMENDATION- 5

Rule 56(f) permits continuance of a motion for summary judgment only where the moving party shows by affidavit that the party cannot present facts essential to justify the party's opposition and states the reasons therefore. Fed.R.Civ.P. 56(f). The moving party has the burden to set forth sufficient facts to show that the evidence sought exists. *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995). The moving party must demonstrate that "additional discovery would uncover specific facts which would preclude summary judgment." *See Maljack Prods., Inc. v. Good Times Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certain nonexistent or is the object of pure speculation. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

Following the filing of Defendants' motion for summary judgment, Defendants moved to stay discovery pending resolution of the issues on qualified immunity (Dkt. # 46) and Plaintiff filed a motion to compel discovery (Dkt. # 48). The Court denied Plaintiff's motion to compel and granted the motion to stay. (Dkt. # 61). In his opposition to the motion for summary judgment, Plaintiff asks the court to stay a ruling until completion of further discovery. However, Plaintiff does not identify specific facts or information he anticipates that he will discover which will raise a material issue of fact to preclude a grant of summary judgment in favor of Defendants. Plaintiff has not provided the court with an affidavit or declaration in support of his request nor has he shown what further discovery is needed to uncover essential evidence in his favor. The mere chance that further discovery will uncover something essential is insufficient for purposes of Rule 56(f).

In addition, and as discussed below, the record reflects that facts essential to the accrual of Plaintiff's cause of action were known to him well over three years ago, thus barring his claims.

**C.      Plaintiff's Claims Are Barred by The Statute of Limitations**

      **1.      Washington's Three-Year Statute of Limitation**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981).

REPORT AND RECOMMENDATION- 6

The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Plaintiff alleges that "the actual injury inflicted and sustained took place between April 3, 1998 to present." (Dkt. # 8, at 7). Plaintiff alleges injuries and damages that occurred in the Spring of 1998 as a result of the alleged misconduct of Defendants. (Dkt. # 6). Plaintiff lost his direct appeal and on August 11, 2000, the court of appeals affirmed Plaintiff's aggravated murder conviction and denied his personal restraint petition. Therefore, Defendants argue, whether calculated using the date that Plaintiff knew of his injuries - in April 1998 - or using the date when his conviction was affirmed - August 11, 2000 - Plaintiff's claims accrued well beyond the three year statute of limitations and are thereby barred. The court agrees.

Plaintiff's complaint reveals that he had actual notice of the facts giving rise to a claim in sufficient time to commence an action before the expiration of the three year statute of limitations. For example, Plaintiff alleges that on December 7, 1998, he wrote to the court of appeals that he had been denied constitutional due process by the state's refusal to provide an adequate record in violation of Judge Warme's order. (Dkt. # 6, p. 9). Thus, viewing the facts in the light most favorable to Plaintiff, Plaintiff knew of the facts giving rise to his claim at that time or at the latest, as

REPORT AND RECOMMENDATION- 7

noted above, in August 2000, when his direct appeal and personal restraint petition were denied.[1]

Plaintiff argues, however, that his claims did not accrue until after he exhausted his appeals of the denial of his habeas corpus petition in this court. (Dkt. # 8). There is no authority for such a proposition and Plaintiff's reliance on *Bressman v. Farrier*, 900 F.2d 1305 (8th Cir. 1990), *cert. denied* 498 U.S. 1126 (1991) is misplaced. *Bressman* requires exhaustion of state remedies if a claim could shorten the length of incarceration. (*Id.*) Plaintiff also argues that the statute of limitations should be equitably tolled.

### 2.     Tolling The Statute of Limitations

In § 1983 actions, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws are inconsistent with federal law. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); see also *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980).

The doctrine of equitable tolling prevents a defendant from asserting the statute of limitations when a defendant's actions have fraudulently, deceptively or in bad faith induced plaintiff to delay commencing suit until the applicable statute of limitations has expired. *Del Guzzi Constr. Co., Inc. v. Global Northwest Ltd., Inc.*, 719 P.2d 120 (1986). For the doctrine of equitable tolling to be applicable, a defendant must have actively concealed or misrepresented facts, or otherwise interposed a hindrance or impediment that prevented plaintiff from discovering or suing on the claim. *Wood v. Gibbons*, 685 P.2d 619, *review denied*, 103 Wn.2d 1009 (1984). In addition, a defendant is not equitably estopped from raising a statute of limitations defense when the plaintiff had actual notice of the facts giving rise to a claim in sufficient time for the plaintiff to commence

---

[1] Assuming that the three year calculation should be made from June 24, 2003, the date the court of appeals issued the Certificate of Finality (Dkt. # 41, ¶ 10), Plaintiff's claims are still time-barred.

REPORT AND RECOMMENDATION- 8

an action before the expiration of the statute period. *Helgeson v. City of Marysville*, 881 P.2d 1042 (1994).

Plaintiff argues that equitable tolling applies here because Defendants presented false and misleading information to the court of appeals and the court of appeals which based its ruling on the belief that Plaintiff had received all of the transcripts and had not been prejudiced by the delay in processing his direct appeal. (Dkt. # 51, pp. 6-7).

As noted above, however, the record reflects that Plaintiff had actual notice of the facts giving rise to a claim in sufficient time to commence an action before the expiration of the three year statute of limitations. He was aware of the basis of a claim that he had been denied constitutional due process by the inadequate record at the time he wrote to the court of appeals on December 7, 1998. (Dkt. # 6, p. 9). Thus, viewing the facts in the light most favorable to Plaintiff, Plaintiff knew of the facts giving rise to his claim at that time or at the latest, as noted above, in August 2000, when his direct appeal and personal restraint petition were denied.

Plaintiff also claims that equitable tolling should be applied based on information gained from responses made by Defendants in this lawsuit. In their answer to the complaint, Defendants admitted an averment in the complaint that Plaintiff had received all pre-trial transcripts. (Dkt. # 29). Defendants state that this averment was based on the August 11, 2000 court of appeals' decision stating "Henderson eventually received the transcripts and was able to file his pro se supplemental brief for the direct appeal." (Dkt. 52, Exh. 1). However, as the case progressed, Defendants state that it became clear that not all hearings had been transcribed and this fact was indicated in the materials submitted with Defendants' motion for summary judgment. (Dkt. # 57, p. 5).

Viewing these facts in the light most favorable to Plaintiff, there is nothing to indicate how these actions could have fraudulently, deceptively, or in bad faith induced Plaintiff to delay commencing suit until the applicable statute of limitations has expired. Plaintiff had already commenced this lawsuit and the allegations contained in his complaint reflect that the facts giving rise to his claim were known to him in at least August of 2000.

REPORT AND RECOMMENDATION- 9

### 3. Continuing Violation Doctrine

Plaintiff also argues that his damages are continuing in nature. (Dkt. # 6, p. 20). The continuing violation theory allows a plaintiff to seek relief for events outside of the limitations period. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982). A mere continuing impact from past violations is not actionable. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238-39 (9th Cir. 1991). "A refusal to undo a discriminatory decision is not a fresh act of discrimination." *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998).

In this case, Plaintiff alleges that Defendants failed to provide the missing transcripts in Spring of 1998 and by December of 1998, was alleging that he had been denied constitutional due process by the state's refusal to provide an adequate record in violation of Judge Warme's order. Thus, viewing the facts in the light most favorable to Plaintiff, the violation of which he complained occurred in 1998, when he was denied the adequate record. Although Plaintiff alleges a continuing *impact* from the alleged failure of Defendants to produce the transcripts, such failure does not amount to a continuing *violation* sufficient to overcome the three year statute of limitation.

### 4. Six or Ten Year Limitation Period

Plaintiff also argues that his § 1983 claims are governed by Washington's ten-year statute of limitations, which reads, in relevant part, as follows:

> Within ten years . . . (2) For an action upon a judgment or decree of any court . . . of any state . . . within the United States.

RCW 4.16.020(2).

Plaintiff proposes that the ten year statute of limitation applies because the Cowlitz County Superior Court order dated April 3, 1998 is a judgment or decree.[2] However, Plaintiff does not seek

---

[2] *See* Dkt. # 6, Exh. 5, Judge Warme's Order Pertaining to Record on Appeal dated April 3, 1998, directing the transcription of portions of the record.

REPORT AND RECOMMENDATION- 10

the enforcement of a judgment, Plaintiff seeks to recover damages for personal injury under § 1983. Similarly, Plaintiff's contention that the six-year statute of limitations on contracts should be applied to this cause of action is not well taken. Plaintiff argues that a contract was formed when Defendant Zreliak submitted a signed affidavit to the court. (Dkt. 8). There is no legal basis for this contention. Furthermore, there is no contract between Plaintiff and Defendant Zreliak and Plaintiff has not sued for breach of contract, but seeks to recover damages for personal injury under § 1983.

For the foregoing reasons, the undersigned recommends that Plaintiff's causes of action be dismissed with prejudice as they are barred by Washington's three-year statute of limitations.

**D.    Plaintiff's Public Records Claim is Barred by Five Year Statute of Limitation**

Plaintiff alleges that he requested Defendant Candy Zreliak to produce copies of the pre-trial hearings on April 17, 1998. (Dkt. # 60 at 8). At the time of his request, he believed her to be a public official and, therefore, his request was a proper request under the Washington Public Disclosure Act (PDA), thus entitling him to a $100.00 per day penalty for violation of the PDA. Defendants argue that Plaintiff's claim is barred by the PDA's former five year statute of limitations.[3] Defendants also argue that Defendant Zreliak is not a public official nor has Plaintiff exhausted his remedies under the PDA.

Under the PDA, "[a]ny action brought under the provisions of this chapter must be

---

[3] *See* RCW 42.56.550, enacting one year statute of limitations period in 2005. Prior to 2005, the five year limitation period applied. RCW 42.17.401. *Yousoufian v. Office of Ron Sims*, 60 P.3d 667 (2003), overruled on other grounds by *Yousoufian v. Office of Ron Sims*, 98 P. 3d 463, 471 (2004) (any action brought under the provisions of this chapter must be commenced within five years after the date when the violation occurred). Any pending PDA claim in 2005 would have expired July 24, 2006, one year from the effective date of RCW 42.56.550(6). See 2005 Wash. Laws 483 § 5 and *Merrigan v. Epstein*, 773 P.2d 78 (1989) (overruled on other grounds) (the time limit for bringing a claim under a new statute begins to run upon pre-existing claims only on the effective date of the statute.)

REPORT AND RECOMMENDATION- 11

commenced within five years after the date when the violation occurred" RCW 42.17.410.

Plaintiff alleges that he made his request of Defendant Zreliak in April of 1998. (Dkt. # 60 at 8). This lawsuit was filed on September 28, 2006. Assuming for purposes of this summary judgment motion that Plaintiff's request was a proper PDA request, Plaintiff's claim exceeds the five-year statute of limitations under RCW 42.17.410. Contrary to Plaintiff's contention, *Nave v. City of Seattle*, 415 P.2d 93 (1966)[4], offers him no relief from application of the limitation period. Assuming further for purposes of this summary judgment motion that Plaintiff is claiming abuse of process, Defendants continued failure to produce the transcripts does not amount to a continuing violation for purposes of accrual of the statutory period. *See* discussion at II.C.3 above.

### E. Absolute and Qualified Immunity

Defendants urge, in the alternative, that Defendants Baur and Stonier are shielded from liability by absolute immunity as their actions were traditionally linked to and intimately associated with the functions of advocate and the judicial process. See *Imbler v. Pachtman*, 424 U.S. 409 (1976). Further, Defendants urge that they are all shielded from liability based on qualified immunity because Plaintiff has failed to show how submission of a brief by a prosecutor or a court reporter acting in good faith have violated his constitutional rights.

As the Court has determined that Plaintiff has failed to bring his claims within the statutory limitations period, these issues need not be reached.

### F. Heck Doctrine

---

[4]Plaintiff argues that his claim is primarily one of an abuse of process by Defendants which continues until they produce the requested transcript. (Dkt. # 51, pp. 4-5). The *Nave* court held that an abuse of process case falls within the statute of limitations applicable to personal injury and that the statute begins to run against such an action from the termination of the acts which constitute the abuse complained of. *Nave*, 416 P.2d at 95. In *Nave*, however, the court noted that the plaintiff had not claimed any act of injury done to him by the city between the time of his final appeal and the decision by the supreme court. *Id.*

REPORT AND RECOMMENDATION- 12

Although the undersigned recommends that Plaintiff's claims be dismissed for failure to bring them within the statutory limitations period, a brief discussion regarding Defendants' claim that the *Heck* doctrine bars Plaintiff's claim is warranted. Defendants urge that Plaintiff's claim are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because his claims for damages necessarily implies the invalidity of his murder conviction and that conviction has already been affirmed on direct appeal and denied in this court.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Plaintiff seeks "expectation damages" based on his belief that he would have won his direct appeal with the evidence contained within the pre-trial hearings that were ordered by Judge Warme

REPORT AND RECOMMENDATION- 13

on April 3, 1998. ("Claimant believes that had the Court been confronted with the exculpatory evidence contained within the Pre-Trial Hearings that they would have had but only one choice, to overturn the conviction and release Henderson Claimant from confinement.") (Dkt. # 6 at 18). Therefore, he seeks $320,000.00 based on his belief that he would have been able to earn at least $40,000.00 per year, plus interest, for the time he has spent in prison. (*Id.*). In response to Defendants' claim that these anticipatory damages reflect that Plaintiff's claims fall under the *Heck* doctrine, Plaintiff proposes to drop this claim for relief. (Dkt. # 51, p. 8).

Defendants argue that because Plaintiff bases his claim for damages on this belief, an award for damages against them would necessarily imply the invalidity of his conviction. The court does not agree. Plaintiff bases his claims on the alleged wrongful failure of Defendants to produce the pre-trial transcripts. A damage award here would imply that Defendants violated Plaintiff's constitutional rights by not producing the transcripts; it would not be a comment on the value of the evidence. Plaintiff's belief that he would have been successful on appeal is largely irrelevant as the relief he seeks from this court does not include a determination that he is or was entitled to immediate release or a speedier release from his imprisonment.[5]

### III. CONCLUSION

For the reasons stated above the Court should **GRANT** Defendants' motion for summary judgment and **dismiss** Plaintiff's claims **with prejudice**. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

---

[5]The undersigned notes that the Plaintiff has also included in his request for relief that the court remand his appeal to the state court of appeals directing review on the merits. This court lacks jurisdiction to grant such relief.

REPORT AND RECOMMENDATION- 14

limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 31, 2007,** as noted in the caption.

DATED this 31st day of July, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 15